UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD PATHIC, JR.,

Petitioner,

v.

DUNCAN MACLAREN,

Respondent.
_____/

Case No. 16-cv-12522

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL [1]**

**I.      Introduction**

This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Richard Pathic Jr. pleaded guilty to three counts of delivery of less than fifty grams of a controlled substance in the Isabella County Circuit Court. MICH. COMP. LAWS §333.7401(2)(a)(iv). In 2014 he was sentenced to concurrent terms of thirteen to twenty years imprisonment. In his petition, he attacks the validity of his sentence and the effectiveness of his defense counsel. For the reasons detailed below, the Court will deny his habeas petition, his request for a certificate of appealability, and

his application for leave to proceed *in forma pauperis* (or without prepayment of fees or costs) on appeal.

## II. Facts and Procedural History

Petitioner was initially charged with nine drug-related counts, including one where the delivery of drugs resulted in the death of one woman. On April 4, 2014, pursuant to a plea bargain, Pathic pleaded guilty to three counts of delivery of less than fifty grams of a controlled substance (morphine pills) in exchange for the following: (1) a dismissal of all the other charges; (2) a minimum sentencing range between 5 to 13.3 years imprisonment, and the agreement permitted him to advocate for a lower sentence at sentencing; and (3) a promise of concurrent sentences.

His sentencing hearing was held on April 25, 2014. The Michigan Department of Corrections scored Pathic's minimum sentencing guideline range at thirty-four to sixty-seven months. Defense counsel successfully challenged the scoring of Offense Variable Three, which was scored at 100 points. It was scored at 100 points pursuant a situation where a crime results in a death, but the defendant is not charged with homicide; that scenario occurred here through the death of a woman caused by Pathic's delivery of drugs. This circumstance, however, was part of the dismissed charges. Therefore, the trial court accepted counsel's argument and

reduced Offense Variable Three to zero points. Because of the deduction, Petitioner's minimum sentencing guideline range was zero to seventeen months. Defense counsel then advocated for a sentence of no incarceration with a referral to Veterans' Court and treatment. Instead, the trial court adhered to the minimum guideline sentencing range as provided for in the plea agreement and thereby sentenced Petitioner to concurrent terms of thirteen to twenty years imprisonment.

Pathic filed a delayed application for leave to appeal in the Michigan Court of Appeals. There, he reasserted the claims presented on habeas review, and the court denied him relief "for lack of merit in the grounds presented." *People v. Pathic*, No. 323817 (Mich. Ct. App. Nov. 13, 2014). Pathic submitted an application for leave to appeal with the Michigan Supreme Court raising those same claims and a new factual basis claim; the court denied his application in a standard order. *People v. Pathic*, 497 Mich. 1015, 862 N.W.2d 210 (2015).

Pathic thereafter submitted his federal habeas petition. *See* Dkt. No. 1. He raises the following claims as grounds for relief:

I. The state court committed constitutional error by making sentencing findings unsupported by any evidence (improper scoring of Offense Variable 15 - trafficking), and counsel committed ineffective assistance of counsel for not properly and timely objecting.

> II. The state court acted illegally and unconstitutionally by imposing prison terms of 13 to 20 years on the three counts of delivery of a controlled substance under 50 grams (cruel and unusual punishment), and counsel committed ineffective assistance of counsel for not properly and timely objecting.

*Id.* at p. 14 (Pg. ID 14). MacLaren responded to the petition on January 11, 2017. Dkt. No. 5. Petitioner replied in support of his petition on May 16, 2017. Dkt. No. 9.

### III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, establishes the standard for federal courts' review of habeas petitions that challenge state court convictions. In relevant part, AEDPA provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' [the Supreme Court's] clearly established law if it 'applies a rule that contradicts the governing law set forth in [the Supreme Court's cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (per curiam) (some citations omitted) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413; citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). Yet "for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003)). Rather, "[t]he state court's application must have been 'objectively unreasonable.'" *Id.* at 520–21 (citing *Williams*, 529 U.S. at 409). "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings[.]'" *Renico v. Lett*, 559 U.S.

5

766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 & n.7 (1997)). AEDPA also "demands that state-court decisions be given the benefit of the doubt." *Id.* (internal quotation marks omitted) (quoting *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

And "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "[E]ven a strong case for relief," the Supreme Court has emphasized, "does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer*, 538 U.S. at 75). Instead, "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme Court]." *Id.*

In sum, to obtain federal habeas relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also White v. Woodall*, _ U.S. _, 134 S.

6

Ct. 1697, 1702 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, _ U.S. _, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that "it is not 'an unreasonable application of' 'clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by [the] Court" (quoting *Wright v. Van Patten*, 552 U.S. 120, 123 (2008) (per curiam))); *see also Lockyer*, 538 U.S. at 71–72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.' " *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the

7

reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

Supreme Court precedent alone determines "clearly established law." Thus, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,' " and "[i]t therefore cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, 567 U.S. 37, 48–49 (2012) (per curiam). Lower federal court decisions, of course, "may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002)).

Lastly, state courts' factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence, however. *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998). And habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**IV. Discussion**

    A. Sentencing Claims

According to Pathic, he deserves habeas relief because the trial court erred in

giving him a score of five points on Offense Variable Fifteen of the state sentencing guidelines. In particular, he claims that in giving him this score, the trial court wrongly exceeded the scored sentencing guideline range and improperly relied on inaccurate information. He also contends that the concurrent sentences of thirteen to twenty years imprisonment constitute cruel and unusual punishment.

These arguments are unconvincing. Ordinarily, a sentence within the statutory limits is not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Indeed, such sentences are reviewable under limited circumstances: (1) where petitioners can demonstrate that a sentence exceeded that permitted by statute; or (2) where a sentence was not authorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001) (citing *Haynes v. Butler*, 825 F.2d 921, 923 (5th Cir. 1987)).

Here, Pathic's sentences comply with the statutory maximum. *See* MICH. COMP. LAWS § 333.7401(2)(a)(iv) (setting twenty-year maximum term of imprisonment). These limited exceptions, then, do not apply here.

His first argument fails for yet another reason. Pathic raises a state law claim—that the trial court erred in scoring Offense Variables Fifteen of the state sentencing guidelines and varying above the scored guideline range. And as this

allegation arises under state law, it is not cognizable on habeas review.[1] *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines . . . is a matter of state concern only.") (citations omitted); *Austin v. Jackson*, 213 F.3d 298, 300–01 (6th Cir. 2000) (holding state court did not abuse its discretion nor violate federal due process by imposing a sentence above the state sentencing guidelines); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (citation omitted) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *see also McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *see also Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Therefore, any supposed errors in scoring Offense Variable Fifteen and determining the sentencing guideline range do not justify federal habeas relief.

Petitioner also unpersuasively asserts that his sentences violate federal due process. A sentence might violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no chance to rectify. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592,

---

[1] To the extent Pathic contests the state court's interpretation of state law regarding the scoring of offense variables, this argument likewise fails; it is a state law claim.

603 (6th Cir. 1990) (concluding a "defendant must have some meaningful opportunity to rebut contested [sentencing] information"). To prevail on this claim, a petitioner must show that a court relied upon false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 80 (E.D. Mich. 1992).

Pathic makes no such showing. The record reveals that he had an opportunity to challenge the guidelines scoring in a sentencing hearing before the state trial court. Pathic also presented his sentencing issues to the state appellate courts and did not obtain relief. And he fails to establish that the trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. Accordingly, the Court finds that no due process violation occurred here.

Pathic also raises a constitutional claim in contesting his sentence. He maintains that his sentences constitute cruel and unusual punishment under the Eighth Amendment. Yet the Constitution does not require strict proportionality between a crime and a punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991) (holding that "the Eighth Amendment contains no proportionality guarantee."). A sentence within the maximum penalty authorized by statute "generally does not constitute cruel and unusual punishment." *Austin*, 213 F.3d at 302 (internal

quotation marks omitted) (internal citations omitted). Pathic's sentences are within the statutory maximum of 20 years imprisonment. The state trial court thus acted within its discretion in imposing his sentences and there is no extreme disparity between his crimes and sentences so as to offend the Eighth Amendment.

Lastly, the Court notes that a defendant who consents to a sentence in a plea agreement and receives the sentence that he bargained for generally waives the right to dispute the sentence on appeal or collateral review. *See United States v. Livingston*, 1 F.3d 723, 725 (8th Cir. 1993); *see also Winston v. Berghuis*, No. 12-CV-14475, 2016 WL 6873390, at *2 (E.D. Mich. Nov. 22, 2016) (denying habeas relief on sentencing claims where petitioner was given agreed-upon sentence); *Thomas v. Berghuis*, No. 14-CV-13501, 2016 WL 3197584, at *2 (E.D. Mich. June 9, 2016) (same); *see also United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005) (finding irrelevant alleged errors premised on *United States v. Booker*, 543 U.S. 220 (2005), and on the scoring of sentencing guidelines, where defendant agreed to specific sentence; his sentence arose from the plea, not the guidelines).

In this case, Petitioner's sentence was within the agreed-upon guideline range outlined in his plea agreement. Because he has not established a constitutional violation as to his sentences, habeas relief is not warranted on these claims.

B. Ineffective Assistance of Counsel

Pathic argues that his trial counsel was ineffective, and therefore, he is entitled to habeas relief. He contends trial counsel was ineffective for two reasons: first, trial counsel purportedly failed to contest the scoring of Offense Variable Fifteen; and second, counsel allegedly failed to properly challenge the severity of the sentences.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. This right encompasses sentencing proceedings. *Lafler v. Cooper*, 566 U.S. 156, 165 (2012). The Supreme Court, in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-prong test for whether a habeas petitioner has received ineffective assistance of counsel. "First, [a petitioner] must show that counsel's performance was deficient." 466 U.S. at 687. And "[t]his requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Under the second prong, "[a petitioner] must show that the deficient performance prejudiced the defense." *Id.* Put another way, counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

Turning first to whether counsel's performance was deficient, under this analysis, Pathic must pinpoint acts (or omissions) that were "outside the wide range of professionally competent assistance." *Id*. at 690. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. Indeed, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690.

As to the prejudice prong, a petitioner must illustrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. And, "[a] reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding." *Id*. In sum, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id*. at 686.

Because of the great deference afforded to the decisions of trial attorneys and state appellate courts, federal courts on habeas review have limited ability to assess the details of ineffective assistance of counsel claims regarding state criminal proceedings. "The standards created by *Strickland* and § 2254(d) are both 'highly

deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). Consequently, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable." *Id.* But rather, "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Here, the Michigan Court of Appeals denied leave to appeal finding that his claims lacked merit. That decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Pathic has not demonstrated that counsel erred or that he suffered prejudice because of counsel's conduct at sentencing. And as to the scoring of offense variables, counsel might have reasonably decided to focus on challenging Offense Variable Three and on obtaining a 100-point deduction—goals which counsel achieved—rather than contesting the five-point scoring of Offense Variable Fifteen.

Additionally, the trial court imposed a minimum sentence within the range detailed in the plea agreement, despite the updated minimum sentencing guideline range of zero to seventeen months. Pathic, therefore, has not shown that counsel was deficient or that he experienced prejudiced through counsel's decision not to contest the scoring of Offense Variable Fifteen. Indeed, it is highly unlikely that a

challenge to Offense Variable Fifteen would have changed the outcome of the proceedings. *See, e.g.*, *Whitaker v. United States*, 186 F. App'x 571, 573–74 (6th Cir. 2006); *Garrett v. Brewer*, No. 2:17-CV-13507, 2018 WL 1509187, at *7 (E.D. Mich. Mar. 27, 2018); *Thomas*, 2016 WL 3197584 at *3.

With respect to counsel's arguments for a more lenient sentence, the record indicates that counsel requested corrections to the pre-sentence report and advocated for a sentence within or below the scored guideline range. Counsel cited Petitioner's service record and his cooperation with law enforcement in another county. The trial court, however, indicated that it was reluctant to depart downward from the agreed-upon sentencing range, which was reflected in the plea bargain. The court acknowledged that Pathic had secured substantial concessions in the agreement, including the dismissal of a more serious charge and no possibility of consecutive sentencing.

Pathic's contention that additional argument would have resulted in a lesser sentence is speculative at best. In the context of mitigation at sentencing, "there is an insufficient showing of prejudice," so as to establish an ineffective assistance of counsel claim, where "one is left with pure speculation on whether the outcome . . . could have been any different." *Slaughter v. Parker*, 450 F.3d 224, 234 (6th Cir.

16

2006) (quoting *Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004)). Such is the case here. Because Pathic has not shown that his counsel was ineffective at sentencing, he is not entitled to habeas relief.

Finally, Petitioner apparently asserts that he is entitled to habeas relief because the state courts did not hold an evidentiary hearing on his ineffective assistance of counsel claims. This complaint is based upon state law and, therefore, does not justify relief in federal court. *See Hayes v. Prelesnik*, 193 F. App'x 577, 584 (6th Cir. 2006) (citing *Baze*, 371 F.3d at 322–23). As detailed above, state courts' allegedly improper application of state law or state procedural rules is not cognizable on federal habeas review. And this Court's power to grant a writ of habeas corpus only extends to errors regarding federal law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (citations omitted).

In any event, there is no clearly-established law recognizing a constitutional right to an evidentiary hearing on state post-conviction review. *See Hayes*, 193 F. App'x at 584; *see also Davis v. Ludwick*, No. 10-CV-11240, 2013 WL 1212833, at *18 (E.D. Mich. Mar. 25, 2013) (rejecting similar evidentiary hearing claim); *Hall v. Berghuis*, No. 07-cv-12163, 2009 WL 2244793, at *9 (E.D. Mich. July 27, 2009) (same).

Moreover, Petitioner is not entitled to an evidentiary hearing on his ineffective assistance of trial counsel claims on habeas review because the Michigan Court of Appeals denied leave to appeal for lack of merit. *Cullen*, 563 U.S. at 181–82; *Ballinger v. Prelesnik*, 709 F.3d 558, 561–62 (6th Cir. 2013) (confirming that federal courts are precluded from conducting evidentiary hearings where the state courts have ruled on the merits of an issue). On this issue, then, Petitioner fails to state a claim upon which habeas relief may be granted.

## V. Conclusion

For the reasons stated above, Petitioner is not entitled to federal habeas relief. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus [1].

Before Petitioner can appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citations omitted). Pathic makes no such showing.

Accordingly, the Court will **DENY** a certificate of appealability. The Court will also **DENY** Petitioner leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

**IT IS SO ORDERED**.

Dated: May 23, 2018 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 23, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk